# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| HAROLD SMITH | CIVIL ACTION NO. 18-cv-1017 |
| VERSUS | JUDGE FOOTE |
| ERIC R. STUCKEY, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Harold Smith filed suit in a Webster Parish state court for personal injuries allegedly caused by an auto accident. He named as defendants Eric Stuckey (the other driver); Covenant Transport, Inc. and Covenant Transportation Group, Inc. (the alleged owners of the other vehicle) and Marsh USA, Inc. (the alleged insurer of the other driver).

Covenant Transport, Inc. removed the case based on an assertion of diversity jurisdiction, which puts the burden on it to plead specific facts that demonstrate complete diversity of citizenship and an amount in controversy in excess of $75,000. The notice of removal makes specific allegations regarding the citizenship of all parties except Marsh USA, Inc. The notice alleges that no defendant other than the Covenant companies and Mr. Stuckey have been served, but diversity in a removal case is determined from the fact of citizenship of the parties named and not from the fact of service. New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998). Accordingly, the notice of removal must allege with specificity the citizenship of the Marsh defendant whether or not it has been served.

With respect to the amount in controversy, Plaintiff alleges in paragraph five of his petition that he suffered unspecified personal injuries to his back, neck, head and body. He also lists various categories of medical expenses and even alleges that he has "suffered permanent disability as a result of such injuries." Covenant asserts in its notice of removal that Plaintiff's counsel has advised that he cannot stipulate that the damages are less than $75,000. Those allegations are probably sufficient to satisfy the removing defendant's burden with respect to the amount in controversy but it is always better to include specific facts about the nature and severity of the injuries, the type and expense of medical care involved, the amount of any pre-suit settlement demands, or other specific facts. See Wilson v. Hochheim Prairie Ins. Co., 2014 WL 508520 (W.D. La. 2014).

The Wilson decision noted that a personal injury suit does not become a federal case just because the plaintiff's attorney describes an unspecified injury as severe/permanent/disabling or the petition includes a boilerplate list of damage categories. Accordingly, Covenant may wish to take this opportunity to add additional facts regarding the amount in controversy to insure that it has met its burden with respect to subject-matter jurisdiction, an issue that could be raised at any time including on appeal.

Covenant will be allowed until **September 10, 2018** to file an amended notice of removal in response to the issues noted in this Memorandum Order. Marsh is directed to cooperate in providing the necessary information about its citizenship. If Covenant is not yet in communication with Marsh or needs additional time, it may file a motion to extend this deadline.

Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m) he is allowed 90 days from the date of removal to serve all defendants. Plaintiff should act promptly to serve Eric Stuckey and Marsh USA, Inc. Assuming subject-matter jurisdiction is established, the court will set a scheduling conference once those two defendants have been served and have filed answers.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of August, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge